# UNITED STATES DISTRICT COURT

for the

Eastern District of California

FILED
Oct 02, 2026
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

In the Matter of the Search of
Gray Apple iPhone 16, Serial Number
FT6FR4GRHV, CURRENTLY LOCATED
AT 10151 Croydon Way, Sacramento, CA
95827

Case No. 2:26-sw-0952 CSK

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A, attached hereto and incorporated by reference.**

located in the Eastern District of California, there is now concealed *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B, attached hereto and incorporated by reference**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 2252(a)(4)(b) | Possession of Child Pornography |
| 18 U.S.C. § 2252(a)(2) | Receipt of Child Pornography |
| 18 U.S.C. § 2251(a) | Attempted Sexual Exploitation of a Minor |
| 18 U.S.C. § 2251(e) | Attempted Sexual Exploitation of a Minor |

The application is based on these facts:

**SEE AFFIDAVIT, attached hereto and incorporated by reference.**

☐ Continued on the attached sheet.

☐ Delayed notice of ______ days (give exact ending date if more than 30 days: ____________ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/s/
*Applicant's signature*

Daniel Heaton, Detective/TFO
Sacramento County Sheriff's Office
*Printed name and title*

Sworn to before me and signed telephonically

Date: October 2, 2026

Chi Soo Kim
*Judge's signature*

City and state: Sacramento, California

Chi Soo Kim, U.S. Magistrate Judge
*Printed name and title*

AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT

for the

Eastern District of California

In the Matter of the Search of
Gray Apple iPhone 16, Serial Number FT6FR4GRHV, CURRENTLY LOCATED AT 10151 Croydon Way, Sacramento, CA 95827

Case No.

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A, attached hereto and incorporated by reference.**

located in the Eastern District of California, there is now concealed *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B, attached hereto and incorporated by reference**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 2252(a)(4)(b) | Possession of Child Pornography |
| 18 U.S.C. § 2252(a)(2) | Receipt of Child Pornography |
| 18 U.S.C. § 2251(a) | Attempted Sexual Exploitation of a Minor |
| 18 U.S.C. § 2251(e) | Attempted Sexual Exploitation of a Minor |

The application is based on these facts:

**SEE AFFIDAVIT, attached hereto and incorporated by reference.**

☐ Continued on the attached sheet.

☐ Delayed notice of ______ days (give exact ending date if more than 30 days: ____________ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/s/

*Applicant's signature*

Daniel Heaton, Detective/TFO
Sacramento County Sheriff's Office

*Printed name and title*

Sworn to before me and signed telephonically

Date: October 2, 2026

*Judge's signature*

City and state: Sacramento, California

Chi Soo Kim, U.S. Magistrate Judge

*Printed name and title*

ERIC GRANT
United States Attorney
ZACHARY MALINSKI
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of the Search of:<br><br>Gray Apple iPhone 16, Serial Number FT6FR4GRHV,<br><br>CURRENTLY LOCATED AT 10151 Croydon Way, Sacramento, CA 95827 | CASE NO.<br><br>AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH DEVICE |

I, Daniel Heaton, being first duly sworn, hereby depose and state as follows:

## I. INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—an electronic device described as a Gray Apple iPhone 16, Serial Number FT6FR4GRHV —which is currently in law enforcement possession at the Sacramento County Sheriff's Office (SSO) High Tech Crimes Bureau located in Rancho Cordova, CA., and the extraction from that property of electronically stored information described in Attachment B; namely, evidence of visual depictions of children engaged in sexually explicit conduct and indicia of access, dominion and control by DYLAN CHRISTIANSON.

2. I am employed with the Sacramento County Sheriff's Office as a detective and am presently assigned to the Internet Crimes Against Children (ICAC) Unit of the Sacramento County High Tech Crimes Task Force. I graduated from the California Basic Peace Officer Standards and Training (POST) academy facilitated by the Sacramento County Sheriff's Office on May 14, 2014. The academy

consisted of approximately 980 hours of training over a 40-week period. I have been a sworn California peace officer employed by Sacramento County Sheriff's Office since May 2014. I have been cross deputized as a deputy marshal and assigned as a task force officer (TFO) with the Federal Bureau of Investigation (FBI) Violent Crimes Against Children ("VCAC"), Sacramento Office, California since July of 2020. As an FBI-TFO, I am a law enforcement agent within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant.

3. As an ICAC detective, I investigate criminal violations relating to child exploitation and child pornography (as defined in 18 United States Code (USC) section 2256 and California Penal Code (PC) section 311.4(d), also referred to as "child sexual abuse material" (CSAM)). Such investigations include, by way of example and not limitation, violations pertaining to the illegal receipt, possession, distribution, and production of CSAM, in violation of CA PC sections 311.1, 311.11, and 311.4(c) as well as 18 USC § 2252(a)(4)(B), 18 USC § 2252(a)(1), 18 USC § 2252 (a)(2), 18 USC § 2251(a). Such investigations additionally include, by way of example and not limitation, the online enticement and meeting of children to commit sexual offenses in violation of CA PC sections 288, 288.3, and 288.4 as well as 18 USC § 2422(b), 18 USC § 2423(a), 18 USC § 2423(b), and 18 USC § 2241(a). I have received training pertaining to CSAM and child exploitation and as part of my duties have observed and reviewed examples of CSAM and visual depictions of minors engaged in sexually explicit conduct in various forms of media, including computer media. I have attended a 36-hour training pertaining to computer crime/high technology investigations which provided an overview of how computer technology, including cellular phones and social media, are utilized in the commission of various crimes. I have performed law enforcement related tasks such as the execution of state and federal search and arrest warrants, coordinating undercover operations, and surveillance of subjects. In the course of my employment, I have participated in many search warrants in connection with child exploitation matters and other violations involving electronic services provider (ESP) accounts, electronic storage devices, and physical locations such as residences. Moreover, I am a federal law enforcement officer and authorized by the United States Attorney General to request a search warrant.

4. I make this affidavit in support of an application under Rule 41 of the Federal Rules of

Criminal Procedure for a warrant authorizing the examination of the electronic item as further described in Attachment A ("Subject Device") — that currently is in law enforcement possession, and the extraction from the Subject Device of electronically stored information for contraband and evidence, fruits, and instrumentalities of 18 U.S.C. § 2252(a)(4)(b) (Possession of Child Pornography), 18 U.S.C. § 2252(a)(2) (Receipt of Child Pornography), and 18 U.S.C. § 2251(a), (e) (Attempted Sexual Exploitation of a Minor) which items are more specifically described in Attachment B.

5. Because this affidavit is being submitted for the limited purpose of showing probable cause to secure a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that contraband and evidence, fruits, and instrumentalities of the above listed violation(s) are located in the Subject Devices. Unless specifically indicated, all conversations and statements described in this Affidavit are related in substance, and in part.

## II. IDENTIFICATION OF THE DEVICE TO BE EXAMINED

6. The property to be searched is a Gray Apple iPhone 16, Serial Number FT6FR4GRHV, hereinafter the "Device." On 10/29/2026 The device was seized incident to arrest from the person of DYLAN CHRISTIANSON at the Rancho Cordova Police Department station located at 2897 Kilgore Road, Rancho Cordova, CA 96076. Upon seizure of the device, and with consent to search the device provided by DLYAN CHRISTIANSON, I placed the device on airplane mode in an effort to prevent the destruction of evidence or changes to the data stored to the device. The Device is currently located at 10151 Croydon Way, Sacramento, CA 95827.

7. The applied-for warrant would authorize the forensic examination of the Device for the purpose of identifying electronically stored data particularly described in Attachment B.

## III. PROBABLE CAUSE

8. In March of 2024, I was assigned an investigation related to DYLAN CHRISTIANSON and his enticement of two (2) children via the Snapchat application. During his communication with the children, the children communicated to DYLAN CHRISTIANSON that they were minors and DYLAN CHRISTIANSON threatened and coerced the children encouraging them to produce child sexual abuse material (CSAM, also known as "child pornography"). I executed California state search warrants to

compel records from Snapchat related to accounts under the control of DYLAN CHRISTIANSON and subsequently received the Snapchat records which revealed similar conversations where DYLAN CHRISTIANSON had threatened multiple Snapchat users, later identified as minors, and coerced them to produce CSAM after they communicated to him that they were minors.

9. Based on my investigation, I obtained a California state search warrant for Christianson's residence, vehicle, person, and devices. On 5/15/2024, I executed this search warrant at a residence where I believed DYLAN CHRISTIANSON resided. That same day, he voluntarily met with me at a California Highway Patrol (CHP) facility. DYLAN CHRISTIANSON voluntarily provided a statement under Miranda during which he admitted to encouraging minors to produce CSAM. DYLAN CHRISTIANSON admitted to a sexual interest in children. DYLAN CHRISTIANSON admitted to masturbating while viewing CSAM. DYLAN CHRISTIANSON's cellular telephones were searched under the search warrant and files of CSAM were discovered digitally stored to one of the devices. DYLAN CHRISTIANSON was not arrested at that time.

10. On 9/24/2026 a grand jury of the United States District Court, Eastern District of California, returned an indictment of DYLAN CHRISTIANSON for three counts of 18 U.S.C. § 2251(a), (e) (Attempted Sexual Exploitation of a Minor) related to three minor victims. On 9/25/2026 Magistrate Judge Chi Soo Kim of the United States District Court, Eastern District of California, issued a warrant for the arrest of DYLAN CHRISTIANSON related to the indictment.

11. On 9/29/2026, I contacted DYLAN CHRISTIANSON at his residence located in Rancho Cordova, California. DYLAN CHRISTIANSON voluntarily accompanied me to the Rancho Cordova Police Department station located at 2897 Kilgore Road, Rancho Cordova, CA 95607. DYLAN CHRISTIANSON voluntarily provided a statement under Miranda. DYLAN CHRISTIANSON was in possession of a new cellular telephone described as a Gray Apple iPhone 16, Serial Number FT6FR4GRHV, hereinafter the "Device." DYLAN CHRISTIANSON admitted that he had viewed files of CSAM which were digitally stored to the device multiple times within the few days prior to the interview. DYLAN CHRISTIANSON admitted that he had utilized the device to solicit CSAM files from children multiple times via social media applications. It should be noted that there was no indication that DYALN CHRISTIANSON was continuing to communicate with the same children

related to the indictment, but instead made a general statement. DYLAN CHRISTIANSON consented to a search of the Device and this consent was repeatedly affirmed. DYLAN CHRISTIANSON also admitted that he had received CSAM files via message applications installed to the device, such as the Signal application. DYLAN CHRISTIANSON was placed under arrest pursuant to the aforementioned arrest warrant. The Device was seized incident to arrest and transported to the Sacramento County Sheriff's Office High Tech Division located at 10151 Croydon Way, Sacramento, CA 95827. Although DYLAN CHRISTIANSON consented to the search of the device, I am seeking a search warrant out of an abundance of caution.

12. The Device is currently in the lawful possession of the Sacramento County Sheriff's Office. It came into the Sacramento County Sheriff's Office's possession in the following way: I personally seized the device from the person of DYLAN CHRISTIANSON incident to arrest on 9/29/2026 at the Rancho Cordova Police Department station located at 2897 Kilgore Road, Rancho Cordova, CA 95607. I then transported the device to 10151 Croydon Way, Sacramento, CA 95827.

13. The Device is currently in storage at 10151 Croydon Way, Sacramento, CA 95827. In my training and experience, because I had placed the device on airplane mode, the device is unable to communicate with the internet or other wireless communication technologies; thus I know that the Device has been stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same state as they were when the Device first came into the possession of the Sacramento County Sheriff's Office.

## IV. TECHNICAL TERMS

14. Based on my training and experience, I use the following technical terms to convey the following meanings:

a) Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice

communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic “address books;” sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system (“GPS”) technology for determining the location of the device.

b) Digital camera: A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film. Digital cameras use a variety of fixed and removable storage media to store their recorded images. Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. Most digital cameras also include a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.

c) GPS: A GPS navigation device uses the Global Positioning System to display its current location. It often contains records the locations where it has been. Some GPS navigation devices can give a user driving or walking directions to another location. These devices can contain records of the addresses or locations involved in such navigation. The Global Positioning System (generally abbreviated “GPS”) consists of 24 NAVSTAR satellites orbiting the Earth. Each satellite contains an extremely accurate clock. Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers. These signals are sent by radio, using specifications that are publicly available. A GPS antenna on Earth can receive those signals. When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

d) PDA: A personal digital assistant, or PDA, is a handheld electronic device used for

storing data (such as names, addresses, appointments or notes) and utilizing computer programs. Some PDAs also function as wireless communication devices and are used to access the Internet and send and receive e-mail. PDAs usually include a memory card or other removable storage media for storing data and a keyboard and/or touch screen for entering data. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can store any digital data. Most PDAs run computer software, giving them many of the same capabilities as personal computers. For example, PDA users can work with word-processing documents, spreadsheets, and presentations. PDAs may also include global positioning system ("GPS") technology for determining the location of the device.

e) IP Address: An Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet. An IP address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every computer attached to the Internet computer must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination. Most Internet service providers control a range of IP addresses. Some computers have static-that is, long-term-IP addresses, while other computers have dynamic-that is, frequently changed-IP addresses.

f) Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

15. Based on my training, experience, and research, I know that the Device has capabilities that allow it to serve as a wireless telephone, digital camera, portable media player, GPS navigation device, and PDA. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device; also known as "digital attribution."

## V. CHARACTERISTICS COMMON TO INDIVIDUALS WHO SOLICIT, RECEIVE, AND/OR PRODUCE CHILD PORNOGRAPHY

16. Based on my previous investigative experience related to child pornography investigations, and the training and experience of other law enforcement officers with whom I have had discussions, I know there are certain characteristics common to individuals who solicit, receive and/or produce images of child pornography:

a. Individuals who solicit, receive, and/or produce child pornography may receive sexual gratification, stimulation, and satisfaction from contact with children; or from fantasies they may have viewing children engaged in sexual activity or in sexually suggestive poses, such as in person, in photographs, or other visual media; or from literature describing such activity.

b. Individuals who solicit, receive, and/or produce child pornography may collect sexually explicit or suggestive materials, in a variety of media, including photographs, magazines, motion pictures, videotapes, books, slides and/or drawings or other visual media. Individuals who have a sexual interest in children or images of children oftentimes use these materials for their own sexual arousal and gratification. Further, they may use these materials to lower the inhibitions of children they are attempting to seduce, to arouse the selected child partner, or to demonstrate the desired sexual acts.

c. Individuals who solicit, receive, and/or produce child pornography almost always possess and maintain their "hard copies" of child pornographic material, that is, their pictures, films, video tapes, magazines, negatives, photographs, correspondence, mailing lists, books, tape recordings, etc., in the privacy and security of their home or some other secure location. Individuals who have a sexual interest in children or images of children typically retain pictures, films, photographs, negatives, magazines, correspondence, books, tape recordings, mailing lists, child erotica, and videotapes for many years.

d. Likewise, individuals who solicit, receive, and/or produce child pornography often

maintain their collections that are in a digital or electronic format in a safe, secure and private environment, such as a computer and surrounding area. These collections are often maintained for several years and are kept close by, usually at the collector's residence or inside the collector's vehicle, to enable the individual to view the collection, which is valued highly.

e. Individuals who solicit, receive, and/or produce child pornography also may correspond with and/or meet others to share information and materials; rarely destroy correspondence from other child pornography distributors/collectors; conceal such correspondence as they do their sexually explicit material; and often maintain lists of names, addresses, and telephone numbers of individuals with whom they have been in contact and who share the same interests in child pornography.

f. Individuals who solicit, receive, and/or produce child pornography prefer not to be without their child pornography for any prolonged time period. This behavior has been documented by law enforcement officers involved in the investigation of child pornography throughout the world.

17. Based on the facts and circumstances outlined in this investigation, it is my opinion that DYLAN CHRISTIANSON is likely a collector of CSAM as evidenced by his admitted sexual interest in children and his admission to collecting CSAM for the purpose of utilizing it as a masturbatory aid.

18. It is my opinion that digitally stored on DYLAN CHRISTIANSON's Gray Apple iPhone 16, Serial Number FT6FR4GRHV are digital files depicting child sexual abuse material (CSAM, also referred to as "child pornography" as defined in 18 U.S.C. § 2256). This is evidenced by DYLAN CHRISTIANSON's admission, under Miranda, that he utilized the device to collect CSAM.

19. It is my opinion that the search should be temporally restricted to May 15, 2024. This is the previous date that I had spoken with DYLAN CHRISTIANSON prior to his arrest. Based on DYLAN CHRISTIANSON's self-admission, he had continued to engage in the collection of CSAM and enticement of children since that date. Thus it is my opinion that that the scope of the search warrant should allow for the extraction and search of digital records for evidence of the offenses described herein.

## VI. INDICIA OF ACCESS, DOMINION AND CONTROL

20. I know from my training and experience that searches of records involved in computer or digitally related criminal activity usually produce items that tend to establish ownership or use of digital devices and ownership or use of any Internet service accounts accessed to obtain child pornography. This can include any items, images, documents, communications, records, and information pertaining to the possession, receipt, transmission, sale, purchase, trade, or distribution of child sexual abuse material or visual depictions of minors engaged in sexually explicit conduct; including those that were generated or were transmitted or received via electronic storage devices, some other facility or means of interstate or foreign commerce, common carrier, or the U.S. mail. Such items could include digital data, images, documents, communications, records, materials, and information or any other form of writing, together with indicia of use, ownership, possession, or control of such records. Such items would additionally include credit card bills, telephone bills, correspondence, and other identification documents. I request these items be included in the scope of the search warrant.

21. I know from my training and experience that persons trading in, receiving, distributing, or possessing images involving the exploitation of children or those interested in the actual exploitation of children often communicate with others through correspondence or other documents (whether digital or written) which could tend to identify the origin of the images as well as provide evidence of a person's interest in child pornography or child exploitation. I would therefore request that envelopes, letters, and other correspondence including, electronic mail, chat logs, and electronic or other instant messages, establishing possession, access to, effect on, or transmission through interstate or foreign commerce, including by United States mail or via computer, of child sexual abuse material or visual depictions of minors engaged in sexually explicit conduct, be included within the scope of the search warrant. I would similarly request books, ledgers, and records bearing on the production, reproduction, receipt, shipment, orders, requests, trades, purchases, or transactions of any kind affecting interstate or foreign commerce, or involving the transmission via interstate or foreign commerce, including by U.S. mail or by computer, of any child sexual abuse material or visual depiction of minors engaged in sexually explicit conduct, be included within the scope of the search warrant.

22. I know from my training and experience, there will likely be evidence located within the

records to be searched which would indicate the persons to exercise dominion and control and have access to the account(s) named in the search warrant. These items of property would commonly be found in such records and would tend to prove: (A) the identity of the people who have access to such accounts; and/or (B) the identity of the person(s) who are in possession of any of the items listed on this search warrant which are found. These items are commonly referred to as "indicia" of dominion and control and may include personal identification cards, addressed mail which has been digitally transmitted via the accounts, bills, sales receipts and statements, including for rent or mortgage, utilities (gas, electricity, telephone, cell phone, bills for internet access), car payments, credit card statements, bank statements, items, including but not limited to clothing, books, purses and wallets, books of photos of mementos, handwritten notes, and diaries, which are inscribed with personal identifiers (name, initials, nicknames, Social Security Number, driver's license number, photograph, etc.), registration documents, such as for motor vehicles, snapshots, digital photos, video recordings, passwords, credit card information, including bills and payment information, regarding Internet service; purchase of computer hardware, software, or storage media; purchase of or payment for memberships to web sites; and possession, receipt, sale, purchase, trade, transportation, or distribution of child pornography or visual depictions of minors engaged in sexually explicit conduct.

23. I know from my training and experience, that stored to the device(s) listed in this affidavit may be records pertaining to communications sent from and received by device(s); such as short message service (SMS) and multimedia messaging service (MMS) text messages, digital messages and/or online-chat sent to or received by the listed device(s), and/or digital records pertaining to telephone calls. Such records would likely reveal the persons who exercise dominion and control over the device(s) as well as reveal the evidence listed in this affidavit and sought by the search warrant.

24. I would request any of these items and any other items relating to the access, dominion, and control over the account(s) named in the search and/or any electronic storage devices determined to be linked to such accounts, be included within the scope of the search warrant.

## VII. COMPUTERS, ELECTRONIC STORAGE, AND FORENSIC ANALYSIS

25. As described above and in Attachment B, this application seeks permission to search for records that might be found on the Subject Devices, in whatever form they are found. One form in

which the records might be found is data stored on a computer's hard drive or other storage media. Thus, the warrant applied for would authorize the seizure of electronic storage media or, potentially, the copying of electronically stored information, all under Rule 41(e)(2)(B).

26. *Probable cause*. I submit that there is probable cause to believe those records will be stored on the Subject Devices, for at least the following reasons:

a. Based on my knowledge, training, and experience, I know that computer files or remnants of such files can be recovered months or even years after they have been downloaded onto a storage medium, deleted, or viewed via the Internet. Electronic files downloaded to a storage medium can be stored for years at little or no cost. Even when files have been deleted, they can be recovered months or years later using forensic tools. This is so because when a person "deletes" a file on a computer, the data contained in the file does not actually disappear; rather, that data remains on the storage medium until it is overwritten by new data.

b. Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space—that is, in space on the storage medium that is not currently being used by an active file—for long periods of time before they are overwritten. In addition, a computer's operating system may also keep a record of deleted data in a "swap" or "recovery" file.

c. Wholly apart from user-generated files, computer storage media—in particular, computers' internal hard drives—contain electronic evidence of how a computer has been used, what it has been used for, and who has used it. To give a few examples, this forensic evidence can take the form of operating system configurations, artifacts from operating system or application operation, file system data structures, and virtual memory "swap" or paging files. Computer users typically do not erase or delete this evidence, because special software is typically required for that task. However, it is technically possible to delete this information.

d. Similarly, files that have been viewed via the Internet are sometimes automatically downloaded into a temporary Internet directory or "cache."

27. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the Device because:

a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file). Virtual memory paging systems can leave traces of information on the storage medium that show what tasks and processes were recently active. Web browsers, e-mail programs, and chat programs store configuration information on the storage medium that can reveal information such as online nicknames and passwords. Operating systems can record additional information, such as the attachment of peripherals, the attachment of USB flash storage devices or other external storage media, and the times the computer was in use. Computer file systems can record information about the dates files were created and the sequence in which they were created, although this information can later be falsified.

b. As explained herein, information stored within a computer and other electronic storage media may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion. In my training and experience, information stored within a computer or storage media (e.g., registry information, communications, images and movies, transactional information, records of session times and durations, internet history, and anti-virus, spyware, and malware detection programs) can indicate who has used or controlled the computer or storage media. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. The existence or absence of anti-virus, spyware, and malware detection programs may indicate whether the computer was remotely accessed, thus inculpating or exculpating the computer owner. Further,

computer and storage media activity can indicate how and when the computer or storage media was accessed or used. For example, as described herein, computers typically contains information that log: computer user account session times and durations, computer activity associated with user accounts, electronic storage media that connected with the computer, and the IP addresses through which the computer accessed networks and the internet. Such information allows investigators to understand the chronological context of computer or electronic storage media access, use, and events relating to the crime under investigation. Additionally, some information stored within a computer or electronic storage media may provide crucial evidence relating to the physical location of other evidence and the suspect. For example, images stored on a computer may both show a particular location and have geolocation information incorporated into its file data. Such file data typically also contains information indicating when the file or image was created. The existence of such image files, along with external device connection logs, may also indicate the presence of additional electronic storage media (e.g., a digital camera or cellular phone with an incorporated camera). The geographic and timeline information described herein may either inculpate or exculpate the computer user. Last, information stored within a computer may provide relevant insight into the computer user's state of mind as it relates to the offense under investigation. For example, information within the computer may indicate the owner's motive and intent to commit a crime (e.g., internet searches indicating criminal planning), or consciousness of guilt (e.g., running a "wiping" program to destroy evidence on the computer or password protecting/encrypting such evidence in an effort to conceal it from law enforcement).

c. A person with appropriate familiarity with how a computer works can, after examining this forensic evidence in its proper context, draw conclusions about how computers were used, the purpose of their use, who used them, and when.

d. The process of identifying the exact files, blocks, registry entries, logs, or other forms of forensic evidence on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. While it is possible to specify in advance the records to be sought,

computer evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

28. Further, in finding evidence of how a computer was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium. For example, the presence or absence of counter-forensic programs or anti-virus programs (and associated data) may be relevant to establishing the user's intent.

29. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit seizing, imaging, or otherwise copying storage media that reasonably appear to contain some or all of the evidence described in the warrant, and would authorize a later review of the media or information consistent with the warrant. The later review may require techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of a hard drive to human inspection in order to determine whether it is evidence described by the warrant.

30. *Manner of Execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

///

///

///

///

///

///

///

///

## VIII. CONCLUSION

31. I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the seized devices described in Attachment A to search for the items described in Attachment B.

Respectfully submitted,

/s/

Daniel Heaton
Detective/Task Force Officer
Sacramento County Sheriff's Office/Department of Homeland Security Investigations

Subscribed and sworn telephonically to me on: October 2, 2026

Chi Soo Kim

The Honorable Chi Soo Kim
UNITED STATES MAGISTRATE JUDGE

*/s/ Zachary Malinski*
Approved as to form by AUSA ZACHARY MALINSKI

## VIII. CONCLUSION

31. I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the seized devices described in Attachment A to search for the items described in Attachment B.

Respectfully submitted,

/s/

Daniel Heaton
Detective/Task Force Officer
Sacramento County Sheriff's Office/Department of Homeland Security Investigations

Subscribed and sworn telephonically to me on: October 2, 2026

The Honorable Chi Soo Kim
UNITED STATES MAGISTRATE JUDGE

*/s/ Zachary Malinski*
Approved as to form by AUSA ZACHARY MALINSKI

**ATTACHMENT A**

The property to be searched is a Gray Apple iPhone 16, Serial Number FT6FR4GRHV, hereinafter the "Device." The Device is currently located in the custody of the Sacramento Sheriff's Office High Tech Division at 10151 Croydon Way, Sacramento, CA 95827. A photograph of the item is attached herein and incorporated by reference:



This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

**ATTACHMENT B**

1. The items to be seized are all records on the Subject Device, described in Attachment A, that relate to instrumentalities of 18 U.S.C. § 2252(a)(4)(b) (Possession of Child Pornography), 18 U.S.C. § 2252(a)(2) (Receipt of Child Pornography), and 18 U.S.C. § 2251(a), (e) (Attempted Sexual Exploitation of a Minor), by DYLAN CHRISTIANSON since May 15, 2024, including:

a. user attribution data, i.e., evidence of who used, owned, or controlled the devices listed in ATTACHMENT A at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

b. evidence of software that would allow others to control the DEVICE, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software; types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

c. evidence of the lack of such malicious software;

d. evidence indicating how and when the devices listed in ATTACHMENT A were accessed or used to determine the chronological context of access, use, and events relating to crime under investigation and to the user(s) of the devices;

e. Evidence of user attribution showing who used or owned the devices listed in ATTACHMENT A at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

f. contextual information necessary to understand the evidence described in this attachment.

2. Any material in any format and media, depicting child pornography, any sexual conduct regardless of whether it is between adult(s) and children, or between children, child erotica; any images, visual recording, digital imagery, sketches, drawings, or other media depicting or portraying lewd or lascivious exhibition of children's genitalia; sexually suggestive poses involving children; or any type of sexually explicit conduct involving children, as defined in Title 18, United States Code, Section 2256(8).

3. Images and videos of children in non-sexually explicit poses or scenes, located in electronic, digital, or printed formats, which are necessary for comparison purposes of any visual depiction of minors engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256.

4. Any communications with minors or communications with adults regarding minors;

5. Any information pertaining to any individual's sexual interest in minors;

6. Any child pornography or visual depictions of minors engaged in sexually explicit conduct in any form;

7. Any child erotica;

8. All screen names, user names, and true names of others who may have operated as the source of child pornography or visual depictions of minors engaged in sexually explicit conduct, in any format,

downloaded and possessed by the target computer(s);

9. All screen names, user names, and true names of others who may have operated as the source of child pornography or visual depictions of minors engaged in sexually explicit conduct, in any format, downloaded and possessed by the target computer(s);

10. Any items, images, documents, communications, records, and information pertaining to 1) any sexual conduct with a minor(s); 2) the possession, receipt, distribution, or production of child pornography; or 3) the sexually explicit communications with a minor(s) or adult(s) in relation to minors, that affected or were transmitted or received via cellular phone, or some other facility or means of interstate or foreign commerce, including:

a. Electronic mail, chat logs, and electronic or other instant messages, establishing possession, access to, affect on, or transmission through interstate or foreign commerce, including by computer or cellular phone, of child pornography or visual depictions of minors engaged in sexually explicit conduct;

b. Books, ledgers, and records bearing on the production, reproduction, receipt, shipment, orders, requests, trades, purchases, or transactions of any kind affecting interstate or foreign commerce or involving the transmission via interstate or foreign commerce, including by cellular phone, of any communications regarding a sexual interest in minors;

c. Credit card information, including bills and payment information, regarding Internet service; purchase of computer hardware, software, or storage media; purchase of or payment for memberships to web sites and/or chat applications;

d. Records or other items that indicate ownership or use of the SUBJECT devices listed in ATTACHMENT A, including sales receipts, bills for Internet access, and notes.

11. Computers or storage media used as a means to commit the violations described above.

12. For any computer hard drive, cellular telephone/hybrid, or other electronic media (hereinafter "COMPUTER") found to contain information otherwise called for by this warrant:

a. Evidence of who used, owned, or controlled the COMPUTER at the time the items described in this warrant were created, edited, viewed, or deleted, such as logs, registry entries, saved user names and passwords, documents, and browsing history, to include bookmarked sites;

b. Evidence of malicious software ("malware");

c. Evidence of the lack of such malicious software;

d. Evidence of the attachment to the COMPUTER of other storage devices, disks, CD ROMS, or similar containers for electronic evidence;

e. Evidence of the times the COMPUTER was used;

f. Passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

g. Evidence indicating how and when the computer was accessed or used to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

h. Evidence indicating the computer user's state of mind as it relates to the crime under investigation;

i. Evidence identifying the location from which sexually explicit communications were held, including date and time of such communications;

j. Any and all photos or videos that may have been sent or received as part of a text or e-mail conversation relating to sexual interest in minors, to include date and time of the receipt or send of such files;

k. Evidence identifying whether communications were deleted, to include date and time of deletion;

l. Contents of volatile memory related to computers and other digital communication devices that would tend to show the current and recent use of the computer, use of encryption, use of other communications devices, routes of Internet and other digital communications traffic and passwords, encryption keys or other dynamic details necessary to preserve the true state of running evidence;

m. Computer software, hardware or digital contents related to the sharing of Internet access over wired or wireless networks allowing multiple persons to appear on the Internet from the same IP address;

n. Records of or information about Internet Protocol addresses used by the COMPUTER;

o. Documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER; and

p. Contextual information necessary to understand the evidence described in this attachment.

13. Routers, modems, and network equipment used to connect computers to the Internet.

14. If computers or other digital devices are found in a running state, evidence may be acquired from the devices prior to shutting the devices off.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

The term "storage medium" includes any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this

warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to state, local and federal law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the investigating agency may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

# UNITED STATES DISTRICT COURT

for the

Eastern District of California

| In the Matter of the Search of<br><br>Gray Apple iPhone 16, Serial Number FT6FR4GRHV, CURRENTLY LOCATED AT 10151 Croydon Way, Sacramento, CA 95827 | ) | Case No. | 2:26-sw-0952 CSK |
|---|---|---|---|

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the Eastern District of California *(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A, attached hereto and incorporated by reference.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B, attached hereto and incorporated by reference.**

**YOU ARE COMMANDED** to execute this warrant on or before October 16, 2026 *(not to exceed 14 days)*

☐ in the daytime 6:00 a.m. to 10:00 p.m. ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to: any authorized U.S. Magistrate Judge in the Eastern District of California.

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

☐ for ______ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of ____________ .

Date and time issued: October 2, 2026 at 11:46 a.m.



*Judge's signature*

City and state: Sacramento, California

Chi Soo Kim, U.S. Magistrate Judge
*Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2) (modified)

**Return**

| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
|---|---|---|

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

**Certification**

I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant.

Subscribed, sworn to, and returned before me this date.

Signature of Judge Date

**ATTACHMENT A**

The property to be searched is a Gray Apple iPhone 16, Serial Number FT6FR4GRHV, hereinafter the "Device." The Device is currently located in the custody of the Sacramento Sheriff's Office High Tech Division at 10151 Croydon Way, Sacramento, CA 95827. A photograph of the item is attached herein and incorporated by reference:



This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

1. The items to be seized are all records on the Subject Device, described in Attachment A, that relate to instrumentalities of 18 U.S.C. § 2252(a)(4)(b) (Possession of Child Pornography), 18 U.S.C. § 2252(a)(2) (Receipt of Child Pornography), and 18 U.S.C. § 2251(a), (e) (Attempted Sexual Exploitation of a Minor), by DYLAN CHRISTIANSON since May 15, 2024, including:

a. user attribution data, i.e., evidence of who used, owned, or controlled the devices listed in ATTACHMENT A at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

b. evidence of software that would allow others to control the DEVICE, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software; types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

c. evidence of the lack of such malicious software;

d. evidence indicating how and when the devices listed in ATTACHMENT A were accessed or used to determine the chronological context of access, use, and events relating to crime under investigation and to the user(s) of the devices;

e. Evidence of user attribution showing who used or owned the devices listed in ATTACHMENT A at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

f. contextual information necessary to understand the evidence described in this attachment.

2. Any material in any format and media, depicting child pornography, any sexual conduct regardless of whether it is between adult(s) and children, or between children, child erotica; any images, visual recording, digital imagery, sketches, drawings, or other media depicting or portraying lewd or lascivious exhibition of children's genitalia; sexually suggestive poses involving children; or any type of sexually explicit conduct involving children, as defined in Title 18, United States Code, Section 2256(8).

3. Images and videos of children in non-sexually explicit poses or scenes, located in electronic, digital, or printed formats, which are necessary for comparison purposes of any visual depiction of minors engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256.

4. Any communications with minors or communications with adults regarding minors;

5. Any information pertaining to any individual's sexual interest in minors;

6. Any child pornography or visual depictions of minors engaged in sexually explicit conduct in any form;

7. Any child erotica;

8. All screen names, user names, and true names of others who may have operated as the source of child pornography or visual depictions of minors engaged in sexually explicit conduct, in any format,

downloaded and possessed by the target computer(s);

9. All screen names, user names, and true names of others who may have operated as the source of child pornography or visual depictions of minors engaged in sexually explicit conduct, in any format, downloaded and possessed by the target computer(s);

10. Any items, images, documents, communications, records, and information pertaining to 1) any sexual conduct with a minor(s); 2) the possession, receipt, distribution, or production of child pornography; or 3) the sexually explicit communications with a minor(s) or adult(s) in relation to minors, that affected or were transmitted or received via cellular phone, or some other facility or means of interstate or foreign commerce, including:

a. Electronic mail, chat logs, and electronic or other instant messages, establishing possession, access to, affect on, or transmission through interstate or foreign commerce, including by computer or cellular phone, of child pornography or visual depictions of minors engaged in sexually explicit conduct;

b. Books, ledgers, and records bearing on the production, reproduction, receipt, shipment, orders, requests, trades, purchases, or transactions of any kind affecting interstate or foreign commerce or involving the transmission via interstate or foreign commerce, including by cellular phone, of any communications regarding a sexual interest in minors;

c. Credit card information, including bills and payment information, regarding Internet service; purchase of computer hardware, software, or storage media; purchase of or payment for memberships to web sites and/or chat applications;

d. Records or other items that indicate ownership or use of the SUBJECT devices listed in ATTACHMENT A, including sales receipts, bills for Internet access, and notes.

11. Computers or storage media used as a means to commit the violations described above.

12. For any computer hard drive, cellular telephone/hybrid, or other electronic media (hereinafter "COMPUTER") found to contain information otherwise called for by this warrant:

a. Evidence of who used, owned, or controlled the COMPUTER at the time the items described in this warrant were created, edited, viewed, or deleted, such as logs, registry entries, saved user names and passwords, documents, and browsing history, to include bookmarked sites;

b. Evidence of malicious software ("malware");

c. Evidence of the lack of such malicious software;

d. Evidence of the attachment to the COMPUTER of other storage devices, disks, CD ROMS, or similar containers for electronic evidence;

e. Evidence of the times the COMPUTER was used;

f. Passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

g. Evidence indicating how and when the computer was accessed or used to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

h. Evidence indicating the computer user's state of mind as it relates to the crime under investigation;

i. Evidence identifying the location from which sexually explicit communications were held, including date and time of such communications;

j. Any and all photos or videos that may have been sent or received as part of a text or e-mail conversation relating to sexual interest in minors, to include date and time of the receipt or send of such files;

k. Evidence identifying whether communications were deleted, to include date and time of deletion;

l. Contents of volatile memory related to computers and other digital communication devices that would tend to show the current and recent use of the computer, use of encryption, use of other communications devices, routes of Internet and other digital communications traffic and passwords, encryption keys or other dynamic details necessary to preserve the true state of running evidence;

m. Computer software, hardware or digital contents related to the sharing of Internet access over wired or wireless networks allowing multiple persons to appear on the Internet from the same IP address;

n. Records of or information about Internet Protocol addresses used by the COMPUTER;

o. Documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER; and

p. Contextual information necessary to understand the evidence described in this attachment.

13. Routers, modems, and network equipment used to connect computers to the Internet.

14. If computers or other digital devices are found in a running state, evidence may be acquired from the devices prior to shutting the devices off.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

The term "storage medium" includes any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this

warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to state, local and federal law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the investigating agency may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.